II. Did the Commonwealth Court err by precluding the taxing authorities from equitably recouping the benefits that Respondents received under their initial five-year abatements?

Justice NEWMAN did not participate in the decision or consideration of this matter.

PHILADELPHIA AIRPORT BUSINESS CENTER LIMITED PARTNERSHIP, Respondent,

v.

The BOARD OF REVISION OF TAXES OF the CITY AND COUNTY OF PHILADELPHIA, the City of Philadelphia and the School District of Philadelphia, Petitioners.

Supreme Court of Pennsylvania.

June 8, 1999.

Mark A. Aronchick, Joseph A. Dworetzky, Philadelphia, for petitioner.

### *ORDER*

PER CURIAM:

**AND NOW,** this 8th day of June, 1999, the above-captioned Petition for Allowance of Appeal is GRANTED, limited to the following issues:

I. Did the Commonwealth Court err by allowing Respondents to challenge the validity of the same abatements that they asked for, received, accepted and enjoyed?

II. Did the Commonwealth Court err by precluding the taxing authorities from equitably recouping the benefits that Respondents received under their initial five-year abatements?

Justice NEWMAN did not participate in the decision or consideration of this matter.

NINE PENN CENTER ASSOCIATES, Respondent,

v.

The BOARD OF REVISION OF TAXES OF the CITY AND COUNTY OF PHILADELPHIA, the City of Philadelphia and the School District of Philadelphia, Petitioners.

Supreme Court of Pennsylvania.

June 8, 1999.

Mark A. Aronchick, Joseph A. Dworetzky, Philadelphia, for petitioner.

### *ORDER*

PER CURIAM:

**AND NOW,** this 8th day of June, 1999, the above-captioned Petition for Allowance of Appeal is GRANTED, limited to the following issues:

I. Did the Commonwealth Court err by allowing Respondents to challenge the validity of the same abatements that they asked for, received, accepted and enjoyed?

II. Did the Commonwealth Court err by precluding the taxing authorities from equitably recouping the benefits that Respondents received under their initial five-year abatements?

Justice NEWMAN did not participate in the decision or consideration of this matter.

■

**COMMONWEALTH of Pennsylvania,**
**Respondent,**

v.

**Abdul M. ZHAHIR, Petitioner.**

Supreme Court of Pennsylvania.

June 9, 1999.

L. Roy Zipris, Philadelphia, for petitioner.

**ORDER**

PER CURIAM:

**AND NOW,** this 9th day of June, 1999, the Petition for Allowance of Appeal is hereby **GRANTED**, limited to the following issue:

Did the trial and Superior Courts err in justifying the police search pursuant to the plain touch doctrine?

■

**COMMONWEALTH of Pennsylvania,**
**Respondent,**

v.

**Jeffry L. KIBE, Petitioner.**

**No. 0216 Middle District**
**Allocatur 1996.**

Supreme Court of Pennsylvania.

June 11, 1999.

Timothy L. Clawges, Mechanicsburg, for petitioner.

**ORDER**

PER CURIAM:

**AND NOW,** this 11th day of June 1999, the Respondent, Commonwealth of Pennsylvania's application for reargument is granted. It is further ordered that this Court's order of March 27, 1998 is vacated and the petition for allowance of appeal is denied.

